WARD FURNITURE COMPANY *v.* ORTNER.

Opinion delivered February 22, 1926.

MASTER AND SERVANT—NEGLIGENCE OF INDEPENDENT CONTRACTOR.—
Where A company employed B company to kiln-dry lumber, the
latter company having entire control of the premises, A com-
pany's servant, injured by a defective door while engaged in re-
moving lumber from the kiln, has no right of action against his
employer.

Appeal from Sebastian Circuit Court, Fort Smith
District; *John E. Tatum,* Judge; reversed.

*Daily & Woods,* for appellant.

*J. B. Karnopp,* for appellee.

HUMPHREYS, J.   This suit was instituted by appellee
against appellant in the circuit court of Sebastian
County, Fort Smith District, to recover damages for
personal injuries in attempting to open the door on the
west side of a kiln or drying-room on the premises of
the Garrison Furniture Company in order to light up the
room from which he and other employees of appellant
were about to remove lumber which had been seasoned
by the drying process.  The door fell upon and injured
appellee when he attempted to open it, and his claim for
damages is based upon the fact that the kiln or room had
been leased by appellant from the Garrison Furniture
Company, and that appellant had negligently permitted
the carriage upon which the door ran to get out of order
and to remain in a dangerous condition on account of its
failure to inspect same.

Appellant filed an answer to the complaint, denying
its control over the kiln or room as well as all the mate-
rial allegations  of negligence contained therein, and
interposed the additional defenses of contributory neg-
ligence and assumed risk.

At the conclusion of the testimony appellant
requested the court to instruct a verdict in its favor,
which the court refused to do, over its objection and
exception.

The cause was then submitted to a jury upon the pleadings, testimony, and instructions of the court, resulting in a verdict and judgment in favor of appellee for $500, from which is this appeal.

Appellant has waived all of its objections and exceptions save the refusal of the trial court to instruct a verdict in its favor, and insists upon a reversal of the judgment and a dismissal of the cause on account of the alleged insufficiency of the evidence to support the verdict and judgment.

The following facts are revealed in the record by the undisputed testimony: Appellant and the Garrison Furniture Company are separate and independent corporations engaged in the manufacturing business in this State. The two corporations entered into an oral contract by the terms of which the Garrison Furniture Company agreed to kiln-dry lumber for appellant in any one or more of three kilns not otherwise in use for the stipulated sum of $3 per thousand feet. The Garrison Furniture Company operated the kilns, retained control over them, and kiln-dried the lumber according to its own methods. The extent of appellant's authority upon the premises of the Garrison Furniture Company was to put its lumber in the kilns and take it out and to use its own employees for that purpose.

It goes without saying, under the undisputed facts thus detailed, that appellant owed no duty to its employees to inspect the mechanism and appliances of the kilns and to keep them in order.

Appellee based his right to recover damages upon the theory that appellant had leased the kilns from the Garrison Furniture Company under the terms of which it had the control and management of them to the same extent as if it owned them. He failed to establish his theory by proof, and must fail to recover damages for the injury he received while attempting to open the door to the kiln in question.

For the reason assigned the judgment must be reversed, and the cause dismissed. It is so ordered.